UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Wayne Douglas Leneau, #200799, | ) | C/A No. 4:09-932-CMC-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | REPORT AND |
| vs. | ) | RECOMMENDATION |
| | ) | |
| J. Benjamin Aplin, SC Department of Probation, Parole and Pardon Services, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The plaintiff, Wayne Douglas Leneau ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1]  Plaintiff is an inmate at Kershaw Correctional Institution, a facility of the South Carolina Department of Corrections ("SCDC"), and files this action *in forma pauperis* under 28 U.S.C. § 1915.  The complaint names an employee of the South Carolina Department of Probation, Parole and Pardon Services ("DPPPS") as the sole Defendant.[2]  The complaint alleges the Defendant denied Plaintiff a copy of his parole file, which he believes will show his sentence and parole have expired.  Plaintiff seeks monetary damages, as well as a copy of his parole records.  The complaint should be dismissed for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

REVIEW

Under established local procedure in this judicial district, a careful review has been made of

---

[1] Pursuant to the provisions of  28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i-iii).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 127 S.Ct. 2197 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976), *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam)*. Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of

2

liberal construction does not mean that the court can ignore a clear failure in the pleading to allege

facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc.*

*Servs.*, 901 F.2d 387,  (4th Cir. 1990).

## BACKGROUND

Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983.  The complaint  names Defendant

Aplin as the only defendant; however, Plaintiff subsequently submitted service documents, Forms

USM-285 used to serve defendants, for three other individuals.  One of the additional individuals,

Agent S. Nicole Ellis, is mentioned in the complaint only as a former employee of the DPPPS.

Agent S. Nicole Ellis is not listed as a defendant in the caption, or listed as a defendant in the parties

section, of the complaint.  The complaint contains no allegations against any of the additional

individuals and Plaintiff has not filed an amended complaint pursuant to Rule 15 of the Federal

Rules of Civil Procedure adding the individuals and allegations against them.   Thus, the additional

individuals in the service documents are not parties to this case.

The complaint's statement of claim alleges, in its entirety, verbatim:

On March 9, 2009 Plaintiff filed a summons to be served on agent S. Nicole Ellis
requested copy of his parole file, learning that agent S. Nicole Ellis is no longer
employed by South Carolina Department of Probation , Parole and Pardon Services.
J. Aplin assistant chief legal counsel answering the summons that was served on S.
Nicole Ellis and willfully and unlawfully and illegal denied the Plaintiff copy rights
to his parole file.  I allege that they are being fraudulently withheld due to their
evidentiary value.  I have documentation to show this Plaintiff parole records will
show his sentence and parole have expired and being held in custody, willfully and
unlawfully and illegal by SCDC ordered by South Carolina Department of Probation
Parole and Pardon Services to do the remainder of his original sentence.

The relief section of the complaint indicates Plaintiff seeks monetary damages, as well as a "copy

3

of his parole records that will show his sentence and parole have expired."[3]

## DISCUSSION

The civil rights statute 42 U.S.C. § 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994), *quoting Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The complaint fails to allege the deprivation of a federal right, one of the essential elements in a § 1983 action. The complaint alleges Defendant Aplin "willfully and unlawfully and illegal [sic] denied the Plaintiff copy rights to his parole file." Any failure of Defendant Aplin to provide a copy of parole records to Plaintiff is not a matter concerning federal law. Plaintiff has no constitutional right to a copy of his parole records, and no federal law is implicated in denial of a copy of a parole file. The complaint fails to allege facts that show deprivation of a right secured by the United States Constitution or violation of the laws of the United States. Thus, the complaint fails to state a claim

---

[3] Plaintiff states that he is being held illegally beyond his sentence, but does not request release from prison. If Plaintiff seeks release from prison, he must file a habeas action separate from this civil rights action. *Heck v. Humphrey*, 512 U.S. 477 (1994) ("Release from prison is not a remedy available under 42 U.S.C. § 1983."). Habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release. *Preiser v. Rodriguez*, 411 U.S. 475 (1973). Plaintiff may request forms to file a habeas action from the Clerk of Court.

4

on which relief may be granted pursuant to § 1983 and should be dismissed pursuant to 28 U.S.C.

§ 1915(e)(2)(B)(ii).

<u>RECOMMENDATION</u>

Accordingly, it is recommended that the District Judge dismiss the complaint *without prejudice* and without service of process.

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

June 4, 2009
Florence, South Carolina

**Plaintiff's attention is directed to the notice on the following page.**

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P. O. Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).